107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Eulises TOVAR, Defendant-Appellant.
 No. 96-1400.
 United States Court of Appeals, Second Circuit.
 Jan. 30, 1997.
 
 Appearing for Appellant: B. Alan Seidler, Nyack, N.Y.
 Appearing for Appellee: Elaine D. Banar, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 SUMMARY ORDER
 THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.
 At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, one thousand nine hundred and ninety-seven.
 Present: OAKES, KEARSE, and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Eulises Tovar appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before Charles P. Sifton, Chief Judge, convicting him of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and sentencing him principally to 210 months' imprisonment. On appeal, Tovar contends primarily that the district court erred in admitting other-crimes evidence, that the evidence was insufficient to support his conviction, and that he was denied effective assistance of counsel. For the reasons that follow, we find no basis for reversal.
 
 
 4
 Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). "Under the inclusionary approach to the rule followed by this circuit, such evidence is admissible for any purpose other than to show a defendant's criminal propensity." United States v. Pitre, 960 F.2d 1112, 1118 (2d Cir.1992) (internal quotation marks omitted); see United States v. Pipola, 83 F.3d 556, 565 (2d Cir.), cert. denied, 117 S.Ct. 183 (1996); United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir.1990), cert. denied, 499 U.S. 940 (1991). The district court's determination that such evidence is admissible for a proper purpose and that its probative value is not substantially outweighed by the danger of unfair prejudice, see Fed.R.Evid. 403, is reviewed only for abuse of discretion. See, e.g., United States v. Pitre, 960 F.2d at 1119; United States v. Pipola, 83 F.3d at 566. We see no such abuse here. The evidence that Tovar had previously acted as a narcotics transporter and had known the nature of what he was carrying without having to inspect the contents of the bag he carried was relevant to the question of whether he knew that what he had been sent to pick up in the present case was narcotics. Especially in light of the other evidence of Tovar's actions indicating his knowledge, including his presence at an early conversation between coconspirators, his patent nervousness when he was to pick up the imported narcotics, his inconsistent statements, and his transparent efforts to warn his coconspirator that Tovar had fallen into the hands of law enforcement officers, the court's determination that any potential for unfair prejudice from the prioract evidence did not substantially outweigh its probative value was not an abuse of discretion.
 
 
 5
 We note that the government's rebuttal summation included the statements, "Eulises Tovar is not unfamiliar with doing a drug deal. Eulises Tovar is a drug dealer," which arguably invited an improper inference of propensity from the evidence admitted pursuant to Rule 404(b) to show knowledge. Any such inference, however, was swiftly and expressly forbidden by the trial judge, who interrupted the summation, admonished counsel, and instructed the jury "not to ... take another act of misconduct and generate out of it some general statement about a person's character.... [T]he other evidence does not establish by any means drug dealing. In any event, the use of this evidence is not to prove something concerning the defendant's character in general. It is of issue solely with respect to the question of whether or not Mr. Tovar on this occasion was aware of the contents of the package in Miss Ramos' apartment or not and has no broader use or reach."
 
 
 6
 Tovar's challenge to the sufficiency of the evidence to support his conviction is meritless. In reviewing such a challenge, we must "view the evidence, whether direct or circumstantial, in the light most favorable to the government, crediting every inference that could have been drawn in its favor." United States v. Gordon, 987 F.2d 902, 906 (2d Cir.1993); see United States v. Martinez, 54 F.3d 1040, 1042 (2d Cir.), cert. denied, 116 S.Ct. 545 (1995). This Court "must affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." United States v. Gordon, 987 F.2d at 906; see United States v. Martinez, 54 F.3d at 1042. The evidence at trial, including that mentioned above, was sufficient to permit a rational juror to conclude beyond a reasonable doubt that Tovar was a knowing participant in the narcotics conspiracy alleged in the indictment.
 
 
 7
 Finally, we reject Tovar's claim of ineffective assistance of counsel based on his assertion that his trial counsel failed to inform him that if he decided not to plead guilty, the government planned to file two felony informations against him, which could increase his sentence if he were convicted after trial. Even if counsel did not give Tovar that information, a proposition that is disputed, Tovar's claim is moot because he was sentenced as a career offender, and the felony informations filed by the government had no impact on his sentence.
 
 
 8
 We have considered all of Tovar's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.